IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 03-1066
════════════
 
Arkoma Basin Exploration 
Company, Inc., et al., Petitioners,
 
v.
 
FMF Associates 1990-A, Ltd., 
et al., Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the fifth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued December 1, 
2005
 
 
            
Justice 
O’Neill, concurring and dissenting.
I agree that 
Arkoma’s reserve estimates cannot all be treated alike, as estimates for the 
relatively unexplored South Panola field were 
much more speculative. But the mere fact that estimating the South Panola field’s reserves was more difficult did not 
provide Arkoma a license to deliberately falsify data to drive up the mineral 
rights’ acquisition price, of which it received a sizeable percentage, and then 
cry “opinion” to avoid liability once it pocketed the commission. According to 
evidence presented at trial, Arkoma did not estimate reserves by working through 
the necessary data; instead, the desired reserve number was identified, then the 
calculations were worked backward to determine what the data should be to 
support that number. While good-faith opinions are shielded from fraud claims 
under Virginia 
law, opinions that are deliberately based on information known to be false are 
not. Yuzefovsky v. St. John’s Wood Apartments, 540 S.E.2d 134, 142 
(Va. 2001); Horner v. Ahern, 153 S.E.2d 
216, 220 (Va. 
1967). I agree with the court of appeals that, even if the represented 
gas reserves were opinions, they are actionable because those opinions were 
represented to be based on a particular data-driven process that was not 
used:
 
[Arkoma] 
told the partnerships they had determined the reserves using a particular 
process, and the partnerships presented some clear and convincing evidence that 
[Arkoma] did not use that process but falsified the results through manipulation 
and falsification of the data and calculations. When estimates and opinions are 
based on deliberate, intentional falsification of the data and calculations, 
they are the product of falsified facts and part of the fraudulent 
misrepresentation. When those estimates are made to a person without the maker’s 
special knowledge of the subject matter, those estimates, if intentionally 
misrepresenting the facts, are actionable.
 
 
118 S.W.3d 445, 455 (citing Horner, 153 S.E.2d at 
220–21).
According to 
the evidence presented at trial, Arkoma held itself out as having special 
expertise in the Arkoma Basin by its possession of a unique 
database that allowed it to more accurately estimate reserves and potential cash 
flows. FMF relied on Arkoma’s purported expertise in acquiring the mineral 
rights that it marketed to investors, and paid a premium for those rights that 
directly benefitted Arkoma. Under these circumstances, I disagree with the 
Court’s conclusion that Arkoma is exempt from liability for misrepresentations 
concerning the South Panola field, and to this 
extent I respectfully dissent. I join the remainder of the Court’s opinion.
 
 ___________________________________
 Harriet O’Neill
 Justice
 
OPINION DELIVERED: January 
25, 2008